IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **SHANTU N. SHAH,** | CV 04-1874-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| **BAKULESH PATEL,** an individual; **HIGHTECH INN.COM,** an Oregon Limited Liability Company; **JONATHAN A. ATER,** an individual; and **ATER WYNNE LLP,** an Oregon Limited Liability Professional Firm, | |
| Defendants. | |

**SHANTU N. SHAH**
6637 S.W. 88th Place
Portland, OR 97223
(503) 245-1722

    Plaintiff, *Pro Se*

**MATTHEW D. LOVE**
O'Donnell & Clark LLP
1706 N.W. Glisan Street
Suite 6
Portland, OR 97209

    Attorneys for Defendants Bakulesh Patel and
    Hightech Inn.com

1 - OPINION AND ORDER

**SUSAN E. WATTS**
**XIN XU**
Kennedy, Watts, Arellano & Ricks LLP
2850 Pacwest Center
1211 S.W. Fifth Avenue
Portland, OR  97204-3726

>    Attorneys for Defendants Jonathan Ater and
>    Ater Wynne LLP

**BROWN, Judge.**

Plaintiff Shantu N. Shah appears *pro se* and brings this action pursuant to 42 U.S.C. § 1983 against Bakulesh Patel, Hightech Inn.com, Jonathan Ater, and Ater Wynne LLP.  Plaintiff contends Defendants violated Plaintiff's constitutional rights in a series of business dealings and in an arbitration of issues arising from those dealings.

This matter comes before the Court on the Motions to Dismiss of Patel and Hightech Inn (#31) and Ater and Ater Wynne (#32); the Motions for Sanctions of Patel and Hightech Inn (#39) and Ater and Ater Wynne (#37); and Plaintiff's Cross-Motions for Sanctions against Patel and Hightech Inn (#50) and Ater and Ater Wynne (#49).

For the reasons that follow, the Court **GRANTS** the Motion to Dismiss of Defendants Patel and Hightech Inn (#31), **GRANTS** the Motion to Dismiss of Defendants Ater and Ater Wynne (#32), **DENIES** Defendants' Motions for Sanctions (#37, #39), and **DENIES** Plaintiff's Cross-Motions for Sanctions (#49, #50).

## BACKGROUND

During a hearing on April 4, 2005, the Court explained to Plaintiff that the Court lacked subject matter jurisdiction because the infringement of constitutional rights alleged by Plaintiff was not "fairly attributable to the government." *See Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999). Plaintiff requested leave to file an amended complaint to state a proper claim against Defendants under § 1983. The Court granted Plaintiff leave to amend his Complaint. After the hearing, the Court *sua sponte* dismissed Plaintiff's Complaint for lack of subject matter jurisdiction and allowed Plaintiff until June 4, 2005, to amend his Complaint. *See* Opin. and Order issued Apr. 4, 2005.

On June 5, 2005, Plaintiff filed an Amended Complaint. Defendants then filed Motions to Dismiss and Motions for Sanctions, and Plaintiff filed Cross-Motions for Sanctions.

## STANDARDS

When deciding a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the court may consider affidavits and other evidence supporting or attacking the complaint's jurisdictional allegations. *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989). The Court may permit discovery to determine whether it has jurisdiction. *Data Disc,*

*Inc. v. Sys. Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). The court has broad discretion in granting discovery and may narrowly define the limits of such discovery. *Id.* If a plaintiff's proof of jurisdictional facts is limited to written materials, it is necessary only for these materials to establish a prima facie showing of jurisdiction. *Societe de Conditionnement en Aluminium v. Hunter Eng'g Co., Inc.*, 655 F.2d 938, 942 (9th Cir. 1981)(citing *Data Disc, Inc.*, 557 F.2d at 1284-85).

Plaintiff has the burden to establish that the court has subject matter jurisdiction. *Ass'n of American Med. Coll. v. United States*, 217 F.3d 770 (9th Cir. 2000).

### **DISCUSSION**

The Court set forth the facts and procedural history of this matter in its April 4, 2005, Opinion and Order dismissing Plaintiff's Complaint and, therefore, need not repeat them here.

**I. Defendants' Motions to Dismiss**

Defendants contend Plaintiff has not stated facts in his Amended Complaint to show Defendants acted "under color of law," and, therefore, Plaintiff has not stated a claim against Defendants under 42 U.S.C. § 1983.

In his Amended Complaint, Plaintiff added two new allegations in an effort to address these apparent deficiencies:

(1) Jonathan Ater is a member of the Oregon State Bar and (2) the Oregon Department of Human Services had an easement to park in Hightech Inn's parking lot.

As the Court explained in its April 4, 2005, Opinion and Order, however, to bring an action under § 1983 against Defendants who are private parties, Plaintiff must show
(1) Defendants were willful participants in joint action with the government or its agents, (2) Defendants were so insinuated into a position of inter- dependence with the government or its agents that Defendants are considered joint participants, or
(3) Defendants performed functions reserved to states. *See Brunette v. Humane Soc'y of Ventura County*, 294 F.3d 1205, 1209 (9th Cir. 2002). The Court concludes Plaintiff has not alleged facts sufficient to show Defendants "[are] person[s] who may fairly be said to be . . . government actor[s]," and, therefore, Plaintiff has not satisfied his burden. *See Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982).

In addition, the Court finds Plaintiff has not alleged facts to satisfy his burden to demonstrate his alleged deprivation of constitutional rights was "caused by the exercise of some right or privilege created by the government or a rule of conduct imposed by the government." *See Lugar*, 457 U.S. at 937. As the Court explained in its April 4, 2005, Opinion and Order, the arbitration of this case and its enforcement arose only through

5 - OPINION AND ORDER

the operating agreement between the companies of Plaintiff and Patel rather than through the state arbitration statute.  The Court, therefore, finds Plaintiff has not alleged facts sufficient to show this action touches on any right or privilege created by the government or a rule of conduct imposed by the government.

The Court concludes Plaintiff has not alleged the necessary elements for a § 1983 claim, and therefore, the Court grants Defendants' Motions to Dismiss.

## II.  Motions for Sanctions

Defendants move for sanctions against Plaintiff pursuant to Fed. R. Civ. P. 11.  Plaintiff, in turn, moves for sanctions against all Defendants under Fed. R. Civ. P. 11.

Rule 11 requires an attorney or unrepresented party to sign and thereby to attest that a document submitted to the court is well-grounded in fact, "warranted by existing law," and "not presented for any improper purpose, such as to harass or to cause unnecessary delay."  Fed. R. Civ. P. 11(b).  If the Court finds a party violated Rule 11, the Court, in its discretion, may impose an appropriate sanction against any party responsible for the violation.  Fed. R. Civ. P. 11(c).

A motion for sanctions under Rule 11 must be served on the opposing party, "but shall not be filed or presented to the court unless, within 21 days after service of the motion . . ., the

challenged paper . . . is not withdrawn or appropriately corrected."  Fed. R. Civ. P. 11(c)(1).

### A. Defendants' Motions for Sanctions

Defendants move for sanctions against Plaintiff on the ground that he did not comply with Rule 11(b)(2), which requires attorneys or unrepresented parties to certify to the best of their knowledge that "the claims, defense, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of a new law."

The Court takes note of the extensive nature of the proceedings involving these parties and understands Defendants' frustration at Plaintiff's continuing efforts to challenge the arbitration award.  Plaintiff, however, is proceeding *pro se*. Although it is clear to the Court that the allegations in Plaintiff's Amended Complaint are not sufficient to demonstrate Defendants are state actors for purposes of § 1983, this is a complicated area of the law for an unrepresented litigant to understand.  In this case, it does not appear to the Court that Plaintiff amended his Complaint in bad faith.  Accordingly, the Court denies Defendants' Motions for Sanctions.

### B. Plaintiff's Cross-Motion for Sanctions

Plaintiff filed Cross-Motions for Sanctions against all Defendants.  Plaintiff's Motions for Sanctions, however, are

little more than argument in opposition to Defendants' Motions to Dismiss and Defendants' Motions for Sanctions.

The Court is not persuaded Defendants' counsel submitted any pleading for an improper purpose, presented any argument that is inconsistent with existing law, or made any factual contentions without evidentiary support.  In short, the Court finds Plaintiff's disagreement with the assertions of Defendants' counsel does not justify an award of sanctions. Accordingly, the Court denies Plaintiff's Cross-Motions for Sanctions.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendants Patel and Hightech Inn's Motion to Dismiss (#31), **GRANTS** Defendants Ater and Ater Wynne's Motion to Dismiss (#32), **DENIES** Defendants Patel and Hightech Inn's Motion for Sanctions (#39), **DENIES** Defendants Ater and Ater Wynne's Motion for Sanctions (#37), **DENIES** Plaintiff's Cross-Motion for Sanctions against Defendants Patel and Hightech Inn (#50), **DENIES** Plaintiff's Cross-Motion for Sanctions against Defendants Ater and Ater Wynne (#49), and

**DISMISSES** this matter **with prejudice**.

IT IS SO ORDERED.

DATED this 4th day of October, 2005.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

Shah CV 04-1874 O&O.10-03-05.wpd